**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Julio Marcos Pedro Nicolas,<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 21-758<br><br>Agency No.    A213-082-427<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

Julio Marcos Pedro Nicolas, a native and citizen of Guatemala, petitions

for review of a decision of the Board of Immigration Appeals affirming an

immigration judge's denial of his application for protection under the

Convention Against Torture (CAT). Because the Board summarily affirmed, we

review the immigration judge's decision. *Zehatye v. Gonzales*, 453 F.3d 1182,

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1184 (9th Cir. 2006). We review the immigration judge's factual findings for substantial evidence. *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021). Under that standard, we must accept the immigration judge's findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

To establish eligibility for protection under the CAT, a petitioner must demonstrate that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (quoting 8 C.F.R. § 208.16(c)(2)). Pedro Nicolas testified that he would be kidnapped and killed upon returning to Guatemala by people who would think that he had saved "a lot of money" while in the United States. Even assuming that people in Guatemala would target Pedro Nicolas for that reason, the immigration judge was not obligated to conclude that Pedro Nicolas would therefore experience torture, as opposed to a "lesser form[] of cruel, inhuman or degrading" treatment such as robbery, which does not constitute torture under the CAT. 8 C.F.R. § 208.18(a)(2); *see Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022) (holding that "three instances of robbery that resulted in . . . temporary bruises, none of which necessitated medical treatment . . . [did] not rise to the level of torture").

Although Pedro Nicolas was robbed three times in Guatemala before he

left for the United States, the immigration judge had reason to conclude that Pedro Nicolas would not face even that level of violence upon his return, considering that Pedro Nicolas had safely visited Guatemala in 2014. The record does not compel a contrary conclusion.

Substantial evidence therefore supports the agency's denial of Pedro Nicolas's CAT application.

**PETITION DENIED.**